a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZVIADI AMAGLOBELI, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00135 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALEJANDRO MAYORKAS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an Emergency Motion for Temporary Restraining Order (ECF No. 4) filed by counsel on behalf of Petitioner Zviadi Amaglobeli ("Amaglobeli"). Amaglobeli requests that he not be transferred from Winn Correctional Center in Winnfield, Louisiana, during the pendency of his proceeding under 28 U.S.C. § 2241.

Because Amaglobeli does not allege that he faces any immediate and irreparable injury, loss, or damage; provides no other legal justification for a temporary restraining order; and does not meet the requirements of Rule 65, the Motion (ECF No. 4) should be DENIED.

I.  Background

Amaglobeli is a native of the Republic of Georgia. ECF No. 4 at 2. On January 30, 2023, he filed a § 2241 Petition seeking his release from custody. ECF No. 1. Summonses were issued on January 31, 2023. ECF No. 2.

1

On February 6, 2023, Amaglobeli filed a Motion for Temporary Restraining Order asking that the Court issue enjoin Respondents from moving Petitioner out of the jurisdiction of this Court. ECF No. 4-1 at 1.

Amaglobeli alleges that he has been transferred from Texas to detention centers in Mississippi, Georgia, New York, and Louisiana, without providing notice to his attorney. ECF No. 4 at 3. Amaglobeli asserts that "ICE frequently interferes with proceedings in federal court by transferring detainees who attempt to file habeas petitions in federal courts from their original place of detention to detention facilities in other jurisdictions." ECF No. 4 at 4. Amaglobeli concludes that ICE is preparing to transfer him again and "seeks to punish" him by transferring him out of this Court's jurisdiction. *Id.*

## II.  Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. Additionally, the Local Rules for this Court mandate that:

> An application for a temporary restraining order or for a preliminary injunction shall be made in a document separate from the complaint. An

2

> application for a temporary restraining order shall be accompanied by a certificate of the applicant's attorney, or by an affidavit, or by other proof satisfactory to the court, stating (1) that actual notice of the time of making the application, and copies of all pleadings and other papers filed in the action to date or to be presented to the court at the hearing, have been furnished to the adverse party's attorney, if known, otherwise to the adverse party; or (2) the efforts made by the applicant to give such notice and furnish such copies. Except in an emergency, the court will not consider an ex-parte application for a temporary restraining order.

L.R.65.1 (WDLA).

First, Amaglobeli's Petition is not verified and there is no affidavit attached. *See* Fed. R. Civ. P. 65(1)(A). Second, his attorney did not certify in writing that any efforts were made to give notice of the Motion to the United Sates Attorney or provide any reason why notice should not be required. *See* Fed. R. Civ. P. 65(1)(B). Although the Certificate of Service claims that the CM/ECF system will send all counsel of record notification of the filing (ECF No. 4 at 9), there is no proof of service in the record and the Government has not filed an appearance—thus, the only counsel of record is that of Amaglobeli. No copy of the Motion was provided to Respondent or the United States Attorney's Office. Thus, the requirements of Rule 65 have not been met.

Additionally, Amaglobeli does not allege that immediate or irreparable injury, loss, or damage will occur without a temporary restraining order prohibiting his transfer to another facility.

Those requirements aside, no other circumstances warrant temporary injunctive relief. Amaglobeli does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it

is not destroyed by a subsequent transfer or custodial change. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). And courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. This Court has consistently denied temporary restraining orders prohibiting the transfer of detainees to other facilities.[1]

Moreover, and in substance, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). Amaglobeli thus has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### III. Conclusion

Because Amaglobeli does not allege that he faces any immediate and irreparable injury, loss, or damage; provides no other legal justification for a temporary restraining order; and does not meet the requirements of Rule 65, IT IS

---

[1] *Ogbazgi v. Wolf*, 1:20-CV-01312, 2020 WL 6479147, at *1 (W.D. La. Oct. 13, 2020), *report and recommendation adopted*, 2020 WL 6479080 (W.D. La. Nov. 3, 2020); *Mebrahtu v. Warden*, 1:20-CV-00943-P, 2020 WL 5033650, at *1 (W.D. La. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 5032261 (W.D. La. Aug. 25, 2020); *Pun v. Warden*, 1:20-CV-00972-P, 2020 WL 5415631, at *1 (W.D. La. Aug. 13, 2020), *report and recommendation adopted*, 2020 WL 5416202 (W.D. La. Sept. 9, 2020); *Yogesh v. Warden*, 1:20-CV-00928-P, 2020 WL 5415668, at *1 (W.D. La. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5416233 (W.D. La. Sept. 9, 2020).

RECOMMENDED that the Motion for Temporary Restraining Order (ECF No. 4) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 7, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE