a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZVIADI AMAGLOBELI, Petitioner | CIVIL DOCKET NO. 1:23-CV-00135 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALEJANDRO MAYORKAS ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by counsel on behalf of Petitioner Zviadi Amaglobeli ("Amaglobeli"). Amaglobeli is currently detained at the Buffalo Service Processing Center in Batavia, New York. ECF No. 12-1 at 2. At the time of filing the Petition, he was housed at Winn Correctional Center in Winnfield, Louisiana. ECF No. 1 at 6.

Because Amaglobeli is not entitled to release, the Petition (ECF No. 1) should be DENIED and DISMISISED WITH PREJUDICE.

I. Background

Amaglobeli is a native of the Republic of Georgia. ECF No. 4 at 2. It is alleged that he and his mother "fled political persecution in their homeland and presented themselves at the El Paso, Texas Border Patrol Station on July 7, 2022, seeking asylum." ECF No. 1 at 4. However, according to the Declaration of Deportation Officer Nicholas M. Truax, Amaglobeli "did not present himself to immigration officials but instead Petitioner was apprehended by U.S. Border Patrol on July 7,

1

2022 near El Paso, Texas and subsequently placed in expedited removal proceedings. . . ." ECF No. 12-1 at 1-2.

Amaglobeli alleges that he has been in ICE custody for more than 180 days, exceeding the presumptively constitutional detention period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He also alleges that he received no 90-day or 180-day custody reviews outlined in the Code of Federal Regulations. ECF No. 1 at 7-8. Amaglobeli maintains there is no significant likelihood of his removal in the reasonably foreseeable future. *Id.* at 15.

According to the Government, Amaglobeli received warnings for failure to depart and assist in his removal on December 7, 2022, and January 5, 2023. The Government received travel documents on July 13, 2022, and on August 31, 2022. However, Amaglobeli refused to board the plane for his scheduled removal flight on November 30, 2022. ECF No. 12-1 at 2.

Amaglobeli did not reply to the Government's response, so there is no evidence contradicting the failure to depart or the Order of Expedited Removal.

## II. Law and Analysis

An alien is inadmissible if he attempts to enter the United States and "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document . . . ." 8 U.S.C. § 1182(a)(7). An inadmissible alien is subject to expedited removal if he is inadmissible

under 8 U.S.C. § 1182(a)(7), generally without further hearing or review. 8 U.S.C. § 1225(b)(1)(A)(i).

If an inadmissible alien indicates either an intention to apply for asylum or a fear of persecution, the alien's detention may be delayed pending a consideration of whether the alien has a credible fear of persecution. *Id.* at (b)(1)(B). "'Credible fear of persecution' means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum . . . ." *Id.* at (b)(1)(B)(v). "An alien subject to expedited removal thus has an opportunity at three levels to obtain an asylum hearing, and the applicant will obtain one unless the asylum officer, a supervisor, and an immigration judge all find that the applicant has not asserted a credible fear." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1965–66 (2020). The alien is subject to mandatory detention "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

Amaglobeli attempted to cross the United States border illegally and was ordered removed via expedited removal as an inadmissible alien. ECF No. 12 at 12. He was afforded the opportunity to make an adequate showing of "credible fear" of returning to his home country, but the asylum officer, supervisor, and Immigration Judge all made negative findings. ECF No. 12-1 at 2. Since Amaglobeli failed to make a credible fear showing, his detention is mandatory. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

As the Government notes, even if § 1231(a) applied, the removal period would be tolled due to Amaglobeli's failure to comply with removal efforts. *See* 8 U.S.C. § 1231(a)(1)(C); *Balogun v. INS*, 9 F.3d 347 (5th Cir. 1993) (six-month period equitably tolled until detainee begins to cooperate with repatriation efforts or his obstruction no longer prevents repatriation); *Canhigh v. Bureau of Immigration & Customs Enf't*, 07-CV-209, 2008 WL 11394315, at *4 (S.D. Tex. June 9, 2008), *report and recommendation adopted*, 2008 WL 11394269 (S.D. Tex. July 8, 2008); *Francis v. Holder*, 2014 WL 4207593 (W.D. La. Aug. 25, 2014) (alien's extended detention was due to his refusal to speak with consulate). "An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, No. 6:19-CV-00062, 2019 WL 2851759, at *2 (W.D. La. 2019).

The Government has established that Amaglobeli's removal is likely to occur in the reasonably foreseeable future, and he has received all the process to which he is due. *Thuraissigiam*, 140 S. Ct. at 1983.

### III. Conclusion

Because Amaglobeli's Petition (ECF No. 1) is meritless, IT IS RECOMMENDED that it be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, June 30, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE